UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL. CARL C. CHESHIRE | * | CIVIL ACTION NO. 16-0254 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| AIR METHODS CORP. | * | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

On July 12, 2016, the court permitted Ashley Page, counsel for plaintiff, to withdraw from the case. (July 12, 2016, Order [doc. # 19]). In the same order, the court allotted plaintiff (a/k/a the relator in this *qui tam* suit) 60 days to enroll new counsel, or to notify the court in writing that he intended to proceed pro se (i.e. represent himself) in this matter.

After more than 60 days elapsed without any response from the relator, the court ordered the relator to show cause, in writing, on or before **September 28, 2016**, why his complaint should not be DISMISSED with prejudice for failure to comply with an order(s) of this court. Fed.R.Civ.P. 41(b). (Sept. 14, 2016, Order [doc. # 21]).

The latest deadline has since passed, without any response from the relator. However, the United States, as a party in interest in this *qui tam* suit, filed a response in which it asked that any dismissal be without prejudice to itself. (Gov.'t Statement of Interest [doc. # 22]). Defendant did not file a reply.

### Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations eventually may bar plaintiff from re-filing the instant suit,[1] then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored more than one court order. Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that he no

---

[1] The time period at issue in this suit extends from May 2013 through March 2014. (Compl., ¶ 11).

longer wishes to pursue his cause of action.[2]  Finally, plaintiff's unrepentant flaunting of court orders[3] reflects his own contumaciouness or "stubborn resistance to authority"[4] which is personally attributable to him as a litigant unrepresented by counsel.[5]

For the foregoing reasons,

IT IS RECOMMENDED that the instant *qui tam* suit be DISMISSED, with prejudice as to the relator, but without prejudice as to the United States.  Fed.R.Civ.P. 41(b); *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 456 (5th Cir.2005) (dismissal with prejudice as to the United States was unwarranted where relator's claims were dismissed for lack of specificity pursuant to a Rule 12(b)(6) motion).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before the Judge makes a final

---

[2]  Certainly, if plaintiff disputes this inference, he may so demonstrate in his objection to the instant report and recommendation.

[3]  This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[4]  *See Millan, supra*.

[5]  While the court is aware that plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 3rd day of October 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE